UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRING RAY GARMANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>　　　　　Defendant. | Case No.  1:23-cv-00607-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY [2]<br><br>(Doc. Nos.  12, 16) |

　　　　Spring Ray Garmany ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income under the Social Security Act. (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 12, 16-17).  For the reasons set forth more fully below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's cross motion for summary judgment, and

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit.  *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 9).

remands the matter to the Commissioner of Social Security for further administrative proceedings.

## I.     JURISDICTION

Plaintiff protectively filed for supplemental security income on August 11, 2020, alleging an onset date of May 10, 2015. (AR 270-93). Benefits were denied initially (AR 131-52, 183-88), and upon reconsideration (AR 153-73, 192-97). Plaintiff appeared before an Administrative Law Judge ("ALJ") on December 22, 2021. (AR 45-72). Plaintiff was represented by counsel, and testified at the hearing. (*Id*.). On February 2, 2022, the ALJ issued an unfavorable decision (AR 19-44), and on October 25, 2022 the Appeals Council denied review (AR 5-11). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.    BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 51 years old at the time of the hearing. (AR 49). She completed the tenth grade. (AR 50). She lives with her daughter, her daughter's husband, and her two grandchildren. (AR 49). Plaintiff has no past relevant work history. (AR 38). She testified that her medical conditions include pain, fibromyalgia, psoriatic arthritis, lupus, and degenerative disc disease in her back and left knee. (AR 50-51). Plaintiff reported that she has constant pain in her shoulders, arms, elbows, wrists, ankles, knee, and tailbone. (AR 51). She testified that she has stiffness, tenderness, fatigue, and weakness from fibromyalgia; the psoriatic arthritis causes swelling, stiffness pain, and skin flares three to four times per week; and lupus causes pain, anxiety, and depression. (AR 52-54). Plaintiff has constant pain in her left knee and if she tries to stand straight her knee buckles. (AR 56). Plaintiff testified that her mental health conditions make her want to isolate and stay home, and since COVID her anxiety and depression have been worse. (AR 61-62). She panics when she is around people or in a crowd. (AR 65). Plaintiff reported she can use her hands for 20 minutes before she has to rest them for five to ten minutes; using her hands would get progressively harder if she kept using them throughout the day; she can lift five

pounds; and she can sit and stand for 30 minutes at a time. (AR 67-68).

### III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial

1  gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

2  The Commissioner has established a five-step sequential analysis to determine whether a
3  claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the
4  Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the
5  claimant is engaged in "substantial gainful activity," the Commissioner must find that the
6  claimant is not disabled. 20 C.F.R. § 416.920(b).

7  If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step
8  two. At this step, the Commissioner considers the severity of the claimant's impairment. 20
9  C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of
10 impairments which significantly limits [his or her] physical or mental ability to do basic work
11 activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's
12 impairment does not satisfy this severity threshold, however, the Commissioner must find that the
13 claimant is not disabled. 20 C.F.R. § 416.920(c).

14 At step three, the Commissioner compares the claimant's impairment to severe
15 impairments recognized by the Commissioner to be so severe as to preclude a person from
16 engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as
17 severe or more severe than one of the enumerated impairments, the Commissioner must find the
18 claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

19 If the severity of the claimant's impairment does not meet or exceed the severity of the
20 enumerated impairments, the Commissioner must pause to assess the claimant's "residual
21 functional capacity." Residual functional capacity (RFC), defined generally as the claimant's
22 ability to perform physical and mental work activities on a sustained basis despite his or her
23 limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

24 At step four, the Commissioner considers whether, in view of the claimant's RFC, the
25 claimant is capable of performing work that he or she has performed in the past (past relevant
26 work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant
27 work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If
28 the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 11, 2020, the application date. (AR 25). At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia, obesity, lupus, psoriatic arthritis, left knee osteoarthritis, anxiety, and depression. (AR 25). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 26). The ALJ then found that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 416.967(b) except she can lift, carry, push or pull up to 20 pounds occasionally, 10 pounds frequently. She can sit, stand or walk for six hours each in an eight-hour workday. She can occasionally reach overhead bilaterally. She can handle items and perform fingering frequently with the right hand. She can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, and occasionally balance, stoop, kneel, crouch and crawl. She can never work at unprotected heights and should avoid concentrated exposure to moving mechanical parts other [sic]. She can understand, remember and carry out simple, routine and repetitive tasks, using judgment limited to simple work-related decisions, and is capable of occasional interaction with the public.

(AR 29).

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 38). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including remnants cutter, trimmer-hand, and basket filler. (AR 38-39). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since August 11, 2020, the date the application was filed. (AR 39).

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title XVI of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence;
2. Whether the ALJ properly applied the principles of res judicata; and
3. Whether the ALJ properly evaluated Plaintiff's symptom claims of pain and dysfunction.

(Doc. No. 12 at 9-23).

## VII.   DISCUSSION

### A. Medical Opinions

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of

6

the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id.* at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings."

1   *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues the ALJ failed to properly evaluate the medical opinion of Naomi Reynolds, M.D., the medical opinion of Victoria Bowers, Ph.D., and the treatment notes of Kami McNeil, PTA and Steve Toy, PT.  (Doc. No. 12 at 9-18).  First, Plaintiff's treating physician Dr. Naomi Reynolds completed a questionnaire as to Plaintiff's physical impairments in December 2021.  (AR 740-41).  Dr. Reynolds opined that Plaintiff is able to sit, stand, and walk for 4-6 hours in an 8-hour workday, lie down twice a day during an 8-hour workday for 30-45 minutes each time, frequently lift a maximum of 2-3 pounds, occasionally lift 5-10 pounds, and she is "quite limited" in her ability to perform activities with her hands.  (AR 740-41).  Dr. Reynolds opined that Plaintiff had a poor ability to deal with stress; and she specifically opined that Plaintiff had pain limitations due to hand impairments in both hands based on positive ANA test results and diagnoses of arthritis, fibromyalgia, and undifferentiated connective tissue disorder.  (AR 740).  The ALJ found Dr. Reynolds' opinion was not persuasive.  (AR 36).

As to the consistency factor, the ALJ found Dr. Reynolds' notation that Plaintiff needed to lie down twice a day and the assessed limitations in the use of her hands were inconsistent with Plaintiff's "post onset activities" including caring for "an elderly woman," caring for her grandchildren, driving, doing household chores, helping her grandchild with homework, performing activities of daily living "without assistance," and exercising "although several of these activities were less prevalent over the last year."  (AR 30-36, 401, 470, 523, 527, 530, 533, 541, 725).  The ALJ also found Dr. Reynolds' chart notes were inconsistent with overall evidence, including a May 2021 treatment note from Plaintiff's rheumatologist "who noted normal examinations of [Plaintiff's] extremities.  (AR 36, 684).  As correctly noted by Defendant, the Court may decline to consider the ALJ's consistency analysis as the findings were not specifically challenged in Plaintiff's opening brief.  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to consider issues not raised with specificity in plaintiff's opening brief); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief).  Rather, Plaintiff confines her challenge to the ALJ's evaluation, or lack thereof,

8

of the supportability factor under the new regulations.

As noted by Plaintiff, "[t]he agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792; *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (when considering the medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct."); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions.  Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").  Defendant argues the ALJ properly assessed the supportability of Dr. Reynolds' opinion by noting that Dr. Reynolds' chart notes are inconsistent with the overall evidence, including a May 2021 examination by Plaintiff's treating neurologist. (AR 36, 684).  However, under the new regulations, "the more relevant the objective medical evidence and supporting explanations *presented by a medical source* are to support" the medical opinion, the more persuasive the medical opinion will be.  20 C.F.R. § 416.920c(c)(1) (emphasis added).  While the consistency with Dr. Reynolds' treatment notes with the overall record is arguably relevant to the ALJ's consideration of the consistency factor as discussed above, the ALJ fails to consider the extent to which the objective evidence presented by Dr. Reynolds in the opinion and her treatment notes *supports* her opinion, including lumbar MRI results showing arthritis, spondylolisthesis, and degenerative disc disease, knee MRI showing osteoarthritis, foot x-rays showing osteoarthritis, heel spurs, and hammer toes, and positive ANA laboratory abnormalities, trigger point in right buttock, decreased range of motion of right shoulder, scaly areas on both elbows, and tenderness in lower right back, . (AR 468, 471, 474, 478, 480, 670, 740).  Thus, even were the Court to accept Defendant's argument that the ALJ explicitly found Dr. Reynolds' opinion "not persuasive" based on a lack of supportability, this finding is not supported by substantial evidence.

Defendant additionally argues that "[e]ven if the ALJ had not explicitly considered the supportability factor, any error would be harmless." (Doc. No. 16 at 14). In support of this argument, Defendant cites a recent Ninth Circuit case affirming an ALJ's finding that an opinion was unpersuasive because "while the opinion was supported by examination notes, it was 'not consistent with the longitudinal evidence of record.'" (Doc. No. 16 at 14 (citing *Allen v. Kijakazi*, 2023 WL 2728857, at *1 (9th Cir. Mar. 31, 2023). However, the instant case is distinguishable from *Allen* because the ALJ in that case found the opinion *was* supported by examination notes but still found it unpersuasive because it was not consistent with the longitudinal record; whereas here, the ALJ failed to offer *any* explanation for how he considered the supportability factor. (*See* AR 36). As noted by Plaintiff, district courts in the Ninth Circuit have consistently found error when the ALJ fails to articulate how he considered both the consistency and supportability as required under the regulations and Ninth Circuit case law. (Doc. No. 12 at 17) (collecting cases); 20 C.F.R. § 416.920c(b)(2); *see also Hiten v. Kijakazi*, 2023 WL 5806452, at *5-6 (E.D. Cal. Sept. 7, 2023) (collecting cases noting the ALJ must explain how both supportability and consistency factors were considered in determining the persuasiveness of an opinion); *Thomas v. O'Malley*, 2024 WL 1382461, at *7 (N.D. Cal. Mar. 31, 2024) ("The ALJ erred as a threshold matter in failing to discuss the supportability and consistency of [the] medical opinion.") Here, as noted above, the ALJ summarized the objective findings relied upon by Dr. Reynolds in her opinion without providing the requisite explanation for how the opined limitations, particularly as to Plaintiff's ability to sit, stand, walk, and lift, are unsupported by those objective findings and the clinical findings in Dr. Reynolds' treatment notes.

Based on the foregoing, the ALJ's finding that Dr. Reynolds' opinion was not persuasive under the new regulations is not supported by substantial evidence, and her opinion must be reconsidered on remand along with any relevant medical opinion evidence.

**B. Additional Assignments of Error**

Plaintiff additionally argues that the ALJ improperly evaluated the Victoria Bowers, Ph.D.; failed to evaluate the treatment notes of Kami McNeil, PTA and Steve Toy, PT; failed to properly apply the principles of res judicata with regard to the limiting effects of Plaintiff's

physical impairments; and failed to properly consider Plaintiff's symptom claims. (Doc. No. 12 at 9-23). In light of the need to reconsider Dr. Reynolds' medical opinion, the Court declines to address these challenges in detail here. On remand, the ALJ is instructed to reconsider the relevant medical opinion evidence and conduct a new sequential analysis, including a reevaluation of Plaintiff's symptom claims, and a reassessment of the RFC and step five finding if necessary.

**C. Remedy**

Plaintiff requests that the Court remand for further administrative proceedings. (Doc. No. 12 at 23). The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate the relevant medical opinion evidence, as well as Plaintiff's symptom claims. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 12) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 16) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30)

days.

5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:    June 24, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE